Case #:
3:24MJ5332

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT

I, Tyler Goode, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant authorizing the arrest of Torrence **PULLUM**. ("**PULLUM**"), for the felony violations of: Title 21, United States Code, Section 841(a)(1) and did knowingly attempt to distribute and/or knowingly attempt to possess with the intent to distribute controlled substances, as well as Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm or ammunition, collectively the "**Target Offenses**," in the Northern District of Ohio.

2. The facts and information set forth in this affidavit are based on my personal observations, review of records and figures, my training and experience, and, as specifically attributed below, information obtained from state and local law enforcement officers, including officers and agents of the Drug Enforcement Administration Toledo Resident Office (DEA TRO), the Toledo Police Department (TPD), hereinafter "investigators", and witnesses. To the extent that any information in the affidavit is not within my personal knowledge, it has been made available to me through reliable law enforcement sources, and I believe such information to be true.

3. This affidavit is made for the limited purpose of demonstrating probable cause for the issuance of the requested complaint and arrest warrant for **PULLUM** (DOB: XX/XX/1971) and does not purport to set forth all my knowledge of, or investigation into, this matter. Rather, I have set forth only those facts necessary to establish probable cause that a violation of the federal laws identified above has occurred.

Case #:
3:24MJ5332

4. Where statements made by other individuals (including other law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records are referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

## AFFIANT BACKGROUND

5. Affiant is a Special Agent (SA) with the Drug Enforcement Administration (DEA) and has served in that capacity since graduating from the basic agent training program at the DEA Academy in Quantico, Virginia in January 2022.  I am currently assigned to the Toledo Resident Office and was previously assigned to the Detroit Division Office from January 2022 until April 2022.  Prior to my employment with DEA, I enlisted in the United States Army Reserve in May 2014, and later commissioned as a Military Intelligence Officer in May 2019. I also attended Central Michigan University where I earned my bachelor's degree in finance, and later my master's degree in business administration.

6. As a Special Agent with the DEA, I am empowered to investigate violations of federal law, make arrests with or without warrants, and execute search warrants under the authority of Title 21, United States Code, Section 878.  I have received training and experience in interviewing and interrogation techniques, arrest procedures, search and seizure, narcotics search warrant applications, and various other crimes. During my training and experience, I have become familiar with the methods and techniques associated with the distribution of narcotics, the laundering of drug proceeds, and the organization of drug conspiracies. During these investigations, Affiant has been involved in the use of the following investigative techniques: interviewing informants and cooperating witnesses, conducting physical surveillance, conducting short-term undercover

Case #:
3:24MJ5332

operations, analyzing telephone pen register and caller identification system data, conducting court-authorized electronic surveillance including the use of tracking devices, and preparing and executing search warrants which have led to substantial seizures of narcotics, firearms, and other contraband.

7.      Based upon the above experience, I am familiar with the modus operandi of persons involved in illicit distribution of controlled substances as well as the terminology used by persons involved in the illicit distribution of controlled substances. I am aware that persons involved in the illicit distribution of controlled substances routinely attempt to conceal their identities as well as the locations at which drug transactions occur. These people are also known to have vehicles, properties, utilities and other items purchased in the names of others in order to conceal the association of drug activities with financial transactions. I know that individuals engaged in organized drug distribution and sales maintain extensive contact with persons from whom they receive drugs and with whom they distribute these drugs. I also know that individuals engaged in drug trafficking commonly possess and use firearms to protect their illegal drugs and proceeds from customers, competitors, rivals, and would-be robbers.

8.      I am aware that drug traffickers often maintain on hand large amounts of U.S. currency in order to maintain and finance their ongoing narcotics activities and other business as well as for paying bills, acquiring assets, and making other purchases.

9.      I am aware that it is common for drug traffickers to secrete contraband, proceeds of drug sales, and records of drug transactions in secure locations within their residences, the residences of their associates, and residences of family members for ready access and to conceal them from law enforcement.

Case #:
3:24MJ5332

10. I am aware that persons engaged in drug trafficking often conceal in their residences and stash houses: drugs, scales, blenders, baggies, cutting agents, large amounts of cash, money counters, and other items used in preparing, packaging, selling and transporting narcotics.

## RELEVANT STATUTES

11. 21 U.S.C. § 841(a)(1) makes it unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

12. 18 U.S.C. § 922(g) makes it unlawful for certain classes of individuals to ship, transport, possess or receive any firearm or ammunition with the required interstate commerce nexus. Those prohibited classes of persons are: convicted felons (§ 922(g)(1)); fugitives from justice (§ 922(g)(2)); unlawful users or addicts of controlled substances (§ 922(g)(3)); mental defectives (§ 922(g)(4)); illegal aliens (§ 922(g)(5)); dishonorably discharged servicemen (§ 922(g)(6)); and persons who have renounced their U.S. citizenship (§ 922(g)(7)).

## FACTS AND CIRCUMSTANCES REGARDING PROBABLE CAUSE

13. On September 24, 2024, the Honorable Darrell A. Clay, U.S. Magistrate Judge, authorized a federal search warrant, case number 3:24MJ5320, for the residence of 1027 Vanderbilt Road, Toledo, Ohio; a location known to investigators as **PULLUM**'s residence, and a location Affiant is aware that **PULLUM** pays to rent.

14. On October 1, 2024, investigators from the Drug Enforcement Administration (DEA) Toledo Resident Office (RO) and Toledo Police Department executed the search warrant for 1027 Vanderbilt Road, Toledo, Ohio, resulting in the seizure of items including, but not limited to, suspected fentanyl in excess of 40 grams, suspected crystal methamphetamine in excess of 50 grams, a quantity of suspected cocaine, and a quantity of suspected crack cocaine, hereinafter "**seized narcotics**",  which each respectively field tested with positive indications. Investigators

Case #: 3:24MJ5332

did not observe **PULLUM**, or any other persons, at the residence of 1027 Vanderbilt Road during the search.

15. Other items seized by investigators during the search warrant of **PULLUM**'s 1027 Vanderbilt Road, Toledo, Ohio residence include, but are not limited to, a Taurus G2C 9mm pistol bearing serial number TMW64748 and a Pietro Beretta 9mm pistol bearing serial number A234799Z, hereinafter "**seized firearms**".

16. An official chemistry analysis of the of the **seized narcotics** will be conducted at the Ohio Bureau of Criminal Investigation Laboratory in Bowling Green, Ohio, or the Drug Enforcement Administration's North Central Laboratory.

17. At approximately 9:37 a.m., Affiant observed via electronic surveillance, **PULLUM,** and two (2) other individuals, enter a white GMC Terrain bearing Ohio plate JBB 5694 parked in the driveway of 908 N. Detroit Avenue, Toledo, Ohio. Approximately one (1) minute later, the white Terrain departed from the driveway of 908 N. Detroit Avenue. Investigators continuously surveilled the white Terrain until Toledo Police conducted a probable cause traffic stop of the white Terrain on Hill Avenue in Toledo, Ohio, at approximately 9:43 a.m.

18. During the Toledo Police traffic stop of the white Terrain, DEA Task Force Agent (TFA) David Edgell and Toledo Police (TPD) Detective (Det.) Guadalupe Victoria responded and notified **PULLUM** of the search warrant at his 1027 Vanderbilt Road residence. At approximately 10:27 a.m., TFA Edgell read **PULLUM** his Miranda warnings, as witnessed by TPD Det. Victoria. **PULLUM** affirmed he understood his rights. **PULLUM** was subsequently transported to the DEA Toledo RO for questioning.

Case #:
3:24MJ5332

19. At approximately 12:20 p.m., Affiant, TFA Edgell, TPD Det. Victoria, and TFA Tyler Sherman interviewed **PULLUM** at the DEA Toledo RO. **PULLUM** engaged in conversation with investigators and admitted ownership of the **seized narcotics** and **seized firearms** investigators seized from **PULLUM**'s residence of 1027 Vanderbilt Road, Toledo, Ohio, on October 1, 2024.

## CONCLUSION

20. Based on the information set forth in this Affidavit, and my training and experience, I respectfully submit there is probable cause to believe that on or about October 1, 2024, **PULLUM** committed the felony violations of: Title 21, United States Code, 841(a)(1) and did knowingly attempt to distribute and/or knowingly attempt to possess with the intent to distribute controlled substances, as well as Title 18, United States Code, 922(g), felon in possession of a firearm or ammunition, collectively the "**Target Offenses**," in the Northern District of Ohio. For these reasons, I respectfully request that the Court issue criminal complaint and warrant for **PULLUM**'s arrest on the **Target Offenses**.

Respectfully submitted,

*[signature: Tyler Goode]*

Tyler Goode
DEA Special Agent

Sworn to via telephone on this 2th day of October 2024 after submission by reliable electronic means Fed.R.Crim.P. 4.1 and 41(d)(3).

*[signature]*

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE